# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **FO2GO LLC,** | |
| Plaintiff, | |
| v. | C.A. NO. _____ |
| **TUMBLR, INC. AND YAHOO! INC.,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff FO2GO LLC, by and through its undersigned counsel, hereby files this Original Complaint for Patent Infringement against Tumblr, Inc., and Yahoo! Inc., and alleges as follows:

### THE PARTIES

1. Plaintiff FO2GO LLC ("FO2GO" or "Plaintiff") is a Delaware limited liability company with a place of business at 122 Delaware Street, New Castle, Delaware 19720. Andrew Knowles, the inventor on United States Patent No. 7,173,651, is the managing member of FO2GO.

2. On information and belief, Defendant Tumblr, Inc. is a Delaware corporation with its principal place of business at 35 East 21st Street, New York City, 10010. Tumblr, Inc. may be served with process through its registered agent, The Corporate Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

3. On information and belief, Defendant Yahoo! Inc. is a Delaware corporation with its principal place of business at 701 First Avenue, Sunnyvale, CA 94089. Yahoo! Inc. may be served with process through its registered agent The Corporate Trust Company, Corporation

Trust Center, 1209 Orange St., Wilmington, DE 19801. Tumblr, Inc. and Yahoo! Inc. are collectively referred to as "Defendants."

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Delaware Long-Arm Statute, due at least to its substantial business in this forum, including at least a portion of the infringements alleged herein. Furthermore, Defendants are subject to this Court's specific and general personal jurisdiction because Defendants are Delaware corporations.

6. Without limitation, on information and belief, within this state, Defendants have used and/or sold the patented inventions thereby committing, and continuing to commit, acts of patent infringement alleged herein. In addition, on information and belief, Defendants have derived substantial revenues from its infringing acts occurring within Delaware. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Delaware. Further, on information and belief, Defendants are subject to the Court's personal jurisdiction at least due to its sales within Delaware. Defendants have committed such purposeful acts and/or transactions in Delaware such that they reasonably should know and expect that they could be haled into this Court as a consequence of such activity.

7.      Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, Defendants have sufficient contacts with Delaware such that this Court is a fair and reasonable venue for the litigation of this action.  On information and belief, from and within Delaware Defendants have committed at least a portion of the infringements at issue in this case.  In addition, on information and belief, Defendants have derived substantial revenues from their infringing acts and are subject to personal jurisdiction in Delaware for at least the reasons identified above, including due at least to their interactive website accessible within Delaware and Defendants are Delaware corporations.

8.      For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## COUNT I
## (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 7,173,651)

9.      Plaintiff incorporates the above paragraphs herein by reference.

10.     On February 6, 2007, United States Patent No. 7,173,651 ("the '651 Patent") was duly and legally issued by the United States Patent and Trademark Office.  Andrew Knowles is the inventor of the inventions claimed in the '651 patent.  The '651 Patent is titled "Apparatus and System for Prompt Digital Photo Delivery and Archival."  The inventor identified on the '651 Patent is Andrew Knowles.  A true and correct copy of the '651 Patent is attached hereto as Exhibit A and incorporated herein by reference.

11.     FO2GO is the assignee of all right, title and interest in the '651 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '651 Patent.  Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '651 Patent by Defendants.

12. The '651 Patent has been cited as prior art during the prosecution history of subsequently-issued United States patents, including patents assigned to Blackberry, Fujitsu Limited, Canon Kabushiki Kaisha, Honeywell International, Palm, Inc., Ricoh Company, Ltd, Fotomedia Technologies, LLC, Photobucket Corporation, Eastman Kodak Company, and Sanyo Electric Co., Ltd.

13. Upon information and belief, Defendants have been and now are directly infringing at least claim 2 of the '651 patent in Delaware, and elsewhere in the United States, by actions comprising at least making and/or use using the Tumblr app and/or Flickr app, in connection with a digital camera apparatus that embody the patented invention, which include a digital photo processing system comprising a wireless digital camera apparatus having a processor, memory, a destination address and recipient code stored in memory, an user interface for displaying and receiving signals indicating a user selection of a recipient code, a digital camera for capturing digital images, a RF communications device, and a processor controller for transmitting messages including a recipient code and a digital images via RF communications; and a server associated with the destination address and responsive to messages received at the destination address from the wireless digital camera apparatus, a database storing account configuration data including recipient code data, a server communications device, and a server controller for parsing said recipient code from each message, retrieving from the database account configuration data that is associated with the recipient code, and processing each message according the account configuration data.

14. Plaintiff has been damaged as a result of Defendants' infringing conduct. Defendants are thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendants' infringement of the '651 patent, *i.e.*, in an amount that by law

cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

15. On information and belief, Defendants will continue their infringement of one or more claims of the '651 patent unless enjoined by the Court.  Each and all of the Defendants' infringing conduct thus causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

16. On information and belief, Defendants have had at least constructive notice of the '651 patent by operation of law, and there are no marking requirements that have not been complied with.

## JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of United States Patent No. 7,173,651 has been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

b. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendants' infringing activities and other conduct complained of herein;

c. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

  d. That Defendants be permanently enjoined from any further activity or conduct that infringes one or more claims of United States Patent No. 7,173,651; and

  e. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

January 27, 2015

OF COUNSEL:

David R. Bennett
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
(312) 291-1667
dbennett@directionip.com

BAYARD, P.A.

 /s/ Stephen B. Brauerman
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
Sara E. Bussiere (sb5725)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayardlaw.com

*Attorneys for Plaintiff FO2GO, LLC*